# In the United States Court of Federal Claims
## OFFICE OF SPECIAL MASTERS
No. 15-1395V
Filed: March 21, 2017

| | | |
|---|---|---|
| * * * * * * * * * * * * | | |
| JUDITH SEMANISIN, | * | UNPUBLISHED |
| | * | |
| Petitioner, | * | Special Master Gowen |
| | * | |
| v. | * | Decision on Attorneys' Fees and |
| | * | Costs; Paralegal's Adjusted Rate |
| SECRETARY OF HEALTH | * | |
| AND HUMAN SERVICES, | * | |
| | * | |
| Respondent. | * | |
| * * * * * * * * * * * * | | |

Andrew D. Downing, Van Cott & Talamante, PLLC, Phoenix, AZ, for petitioner.
Camille M. Collett, United States Department of Justice, Washington, DC, for respondent.

### DECISION AWARDING ATTORNEYS' FEES AND COSTS[1]

On November 18, 2015, Judith Semanisin ("petitioner") filed a petition pursuant to the National Vaccine Injury Compensation Program.[2] 42 U.S.C. §§ 300aa-10 to 34 (2012). Petitioner alleged that as the result of the administration of an influenza ("flu") vaccine on October 10, 2014, she suffered a small fiber neuropathy. Petition at Preamble, ¶ 9-10. On March 1, 2017, the undersigned issued a decision awarding compensation to petitioners based on the parties' stipulation. ECF No. 27.

---

[1] Because this unpublished decision contains a reasoned explanation for the action in this case, the undersigned intends to post this decision on the United States Court of Federal Claims' website, in accordance with the E-Government Act of 2002, 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services). In accordance with Vaccine Rule 18(b), petitioners have 14 days to identify and move to delete medical or other information, that satisfies the criteria in § 300aa-12(d)(4)(B). Further, consistent with the rule requirement, a motion for redaction must include a proposed redacted decision. If, upon review, the undersigned agrees that the identified material fits within the requirements of that provision, he will delete such material from public access.

[2] The National Vaccine Injury Compensation Program is set forth in Part 2 of the National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755, codified as amended, 42 U.S.C. §§ 300aa-1 to -34 (2012) (Vaccine Act or the Act). All citations in this decision to individual sections of the Vaccine Act are to 42 U.S.C.A. § 300aa.

1

On March 1, 2017, petitioner filed an application for attorneys' fees and costs. Petitioner's ("Pet'r's") Application ("App.") (ECF No. 28). Petitioner requests $15,061.50 in attorneys' fees and $3,813.15 in attorneys' costs, for a total request of $18,874.65 in attorneys' fees and costs. Pet'r's' App. at 1; Pet'r's App., Exhibit 1 at 21. On March 15, 2017, petitioner filed her signed statement that she did not pay any costs related to the prosecution of this claim or pay any retainer to counsel, pursuant to General Order Number 9. Statement Regarding General Order No. 9 (ECF No. 29).

On March 15, 2017, respondent filed a response to petitioner's motion. Resp's Response (ECF No. 30). Respondent states he is "satisfied the statutory requirements for an award of attorneys' fees and costs are met in this case." Id. at 2. He "respectfully recommends that the Special Master exercise his discretion and determine a reasonable award for attorneys' fees and costs." Id. at 3.

For the reasons discussed below, the undersigned awards petitioner $15,006.50 in attorneys' fees and $3,813.15 in attorneys' costs, for a total award of $18,819.65.

## I. Reasonable Attorneys' Fees and Costs

Under the Vaccine Act, the special master shall award reasonable attorneys' fees and costs for any petition that results in an award of compensation. 42 U.S.C. § 300aa-15(e)(1). In the present case, petitioners were awarded compensation pursuant to the terms of a joint stipulation. Therefore, petitioners are entitled to an award of reasonable attorneys' fees and costs.

The Federal Circuit has approved use of the lodestar approach to determine reasonable attorneys' fees and costs under the Vaccine Act. Avera v. Sec'y of Health & Human Servs., 515 F.3d 1343, 1349 (Fed. Cir. 2008). Using the lodestar approach, a court first determines "an initial estimate of a reasonable attorneys' fee by 'multiplying the number of hours reasonably expended on the litigation times a reasonable hourly rate.'" Id. at 1347-58 (quoting Blum v. Stenson, 465 U.S. 886, 888 (1984)). Then, the court may make an upward or downward departure from the initial calculation of the fee award based on other specific findings. Id. at 1348. Under the Vaccine Act, a reasonable hourly rate is "the prevailing market rate defined as the rate prevailing in the community for similar services by lawyers of reasonably comparable skill, experience, and reputation." Avera, 515 F.3d at 1347–48. In determining an award of attorneys' fees, a court should generally use the forum rate, i.e., the District of Columbia rate. Id. at 1348. However, an exception to the forum rule applies where the bulk of an attorney's work is performed outside of the forum, and where there is a "very significant" difference in compensation rates between the place where the work was performed and the forum. Id. at 1349 (citing Davis County Solid Waste Mgmt. & Energy Recovery Special Serv. Dist. v. United States Envtl. Prot. Agency, 169 F.3d 755, 758 (D.C. Cir. 1999)).

2

Counsel must submit fee requests that include contemporaneous and specific billing records indicating the service performed, the number of hours expended on the service, and the name of the person performing the service. See Savin v. Sec'y of Health & Human Servs., 85 Fed. Cl. 313, 316-18 (2008). Counsel should not include in their fee requests hours that are "excessive, redundant, or otherwise unnecessary." Saxton v. Sec'y of Health & Human Servs., 3 F.3d 1517, 1521 (quoting Hensley v. Eckerhart, 461 U.S. 424, 434 (1983)). The requirement that attorneys' fees be reasonable also applies to costs. McCulloch v. Sec'y of Health & Human Servs., No. 09-293V, 2015 WL 5634323, at *5 (Fed. Cl. Spec. Mstr. Sept. 1, 2015) (citing Perreira v. Sec'y of Health & Human Servs., 27 Fed. Cl. 29, 34 (1992)). The determination of reasonable attorneys' fees and costs is within the special master's discretion. Saxton, 3 F.3d at 1520 (Fed. Cir. 1993). Special masters may rely on their prior experience in reviewing fee applications. See id., 3 F.3d at 1521 (citing Farrar v. Sec'y of Health & Human Servs., No. 90-1167V, 1992 WL 336502, at *2-3 (Fed. Cl. Spec. Mstr. Nov. 2, 1992)).

### i. Hourly Rates

Petitioner requests the following rates:

|  | 2015 | 2016 | 2017 |
|---|---|---|---|
| **Attorneys** | | | |
| Andrew D. Downing | 350.00 | 350.00 | 375.00 |
| Courtney Van Cott | - | 195.00 | - |
| Justin N. Redman | 195.00 | - | - |
| **Paralegals** | | | |
| Robert Cain | 100.00 | 100.00 | - |
| Danielle P. Avery | 100.00 | 100.00 | 135.00 |

Pet'rs' App., Ex. A at 1-21, 26.

The undersigned recently determined the reasonable forum rate ranges for attorneys with varying years of experience. McCulloch v. Sec'y of Health & Human Servs., No. 09-293V, 2015 WL 5634323 (Fed. Cl. Spec. Mstr. Sept. 1, 2015). Pursuant to McCulloch, a forum attorney with more than 20 years of experience may be awarded $350.00 to $425.00 per hour. McCulloch, 2015, WL 5634323 at *19.

Shortly thereafter, Special Master Corcoran endorsed the rates established in McCulloch and found that they were applicable to Mr. Downing. Al-Uffi v. Sec'y of Health & Human Servs., No. 13-956V, 2015 WL 6181669 at *11 (Fed. Cl. Spec. Mstr. Sept. 30, 2015) (finding that "the forum rate and the rate prevailing among Arizona attorneys [the geographic locale from which Mr. Downing practices] is substantially equivalent"). Special Master Corcoran then found that it was appropriate to award Mr. Downing a forum rate of $350.00 per hour for work performed in 2015. Al-Uffi, 2015 WL 6181669 at *11. Indeed, numerous special masters have found it appropriate to award Mr. Downing $350.00 per hour for work performed in 2015 and 2015. See, e.g. Weggen v. Sec'y of Health & Human Servs., No. 15-1338V, 2016 WL 6576568 (Fed. Cl. Spec. Mstr. Oct. 13, 2016); Fuller v. Sec'y of Health & Human Servs., No. 15-1470V, 2016 WL 3999798 (Fed. Cl. Spec. Mstr. July 5, 2016); Allicock v. Sec'y of Health & Human

3

Servs., No. 15-485V, 2016 WL 3571906 at *7 (Fed. Cl. Spec. Mstr. May 26, 2016); Dean v. Sec'y of Health & Human Servs., No. 13-808V, 2014 WL 8001603 at *7 (Fed. Cl. Spec. Mstr. Nov. 12, 2015).

In the present case, the undersigned agrees that Mr. Downing is entitled to forum rates. The requested rate of $350.00 per hour for work performed in 2015 and 2016 is reasonable and consistent with past decisions. It is also reasonable to award the requested increase to $375.00 per hour for work performed in 2017. This rate is well within the McCulloch range for a practitioner like Mr. Downing, who has more than twenty years of general litigation experience; extensive experience in the Vaccine Program; and generally good quality work. McCulloch, 2015, WL 5634323 at *19.

The undersigned will also award the requested rates for the associates' and paralegals' work in 2015 and 2016, as these are reasonable and consistent with past decisions. See, e.g., Laney v. Sec'y of Health & Human Servs., No. 14-984V, 2016 WL 7030744 (Fed. Cl. Spec. Mstr. Oct. 18, 2016); Weggen, 2016 WL 6576568 (Fed. Cl. Spec. Mstr. Oct. 13, 2016); Fuller, 2016 WL 3999798 (Fed. Cl. Spec. Mstr. July 5, 2016); Nichols v. Sec'y of Health & Human Servs., No. 14-1103V, 2016 WL 4272356 (Fed. Cl. Spec. Mstr. June 22, 2016); Uscher, 2016 WL 3670518 (Fed. Cl. Spec. Mstr. June 15, 2016).

The undersigned finds that it is necessary to adjust the 2017 rate for paralegal Danielle P. Avery. In McCulloch, he found that it was reasonable to award $135.00 per hour to each paralegal who was "[a] well-qualified, carefully chosen college graduat[e]" with "several years at the firm doing exclusively vaccine work." McCulloch at *21. Special masters have consistently awarded $100.00 per hour for work performed by Ms. Avery. See, e.g., Laney, 2016 WL 7030744 at *6; Weggen, 2016 WL 6576568 at *7; Uscher, 2016 3670518 at *2. In this case, petitioner requests $100.00 per hour for Ms. Avery's work in 2015 and 2016, and an increased rate of $135.00 per hour for her work in 2017. Petitioner does not provide any information about Ms. Avery's qualifications or what would justify this increased rate. Because there is no indication that Ms. Avery is now an experienced college graduate comparable to the paralegals in McCulloch, it is unreasonable to increase her rate to $135.00 per hour. However, it is reasonable to increase her rate to account for her additional experience and the rate of inflation. After some consideration, the undersigned will award $110.00 per hour for Ms. Avery's 2.2 hours of work performed in 2017.

      ii.    **Hours Expended**

Petitioners request compensation for 24.5 hours of work by Mr. Downing; 2.7 hours of work by Mr. Redman; 1.4 hours by Ms. Van Cott; 33.6 hours by Mr. Cain; and 22.2 hours by Ms. Avery. Pet'r's App., Ex. A at 1-21. On review of petitioner's billing record, the undersigned finds the number of hours expended reasonable.

4

      **iii.    Costs**

Petitioner requests $3,813.15 in attorneys' costs. Pet'rs' App. at 1; Pet'rs' App., Ex. 1 at 26. The requested costs are for retaining an expert witness; filing the claim; obtaining medical records; shipping; and photocopies. Id. The undersigned finds that the requested attorneys' costs are reasonable and will award them in full.

## II.    Conclusion

Upon review of the documentation submitted in this case, and based on his experience with the Vaccine Act and its attorneys, the undersigned finds that petitioner is entitled to the following award of reasonable attorneys' fees and costs:

| | |
|---|---|
| Attorneys' Fees Requested | $15,061.50 |
| (Reduction to Ms. Avery's Hourly Rate in 2017) | - $     55.00 |
| **Attorneys' Fees Awarded** | **$15,006.50** |
| **Attorneys' Costs Awarded** | **$ 3,813.15** |
| **Total Attorneys' Fees and Costs Awarded** | **$18,819.65** |

**Accordingly, the undersigned awards a lump sum in the amount of $18,819.65, representing reimbursement for attorneys' fees and costs, in the form of a check payable jointly to petitioner, Judith Semanisin, and her counsel, Andrew D. Downing of Van Cott & Talamante, PLLC.[3]**

In the absence of a motion for review filed pursuant to RCFC Appendix B, the Clerk of Court **SHALL ENTER JUDGMENT** in accordance with this decision.[4]

      **IT IS SO ORDERED.**

                                                 **s/Thomas L. Gowen**
                                                 Thomas L. Gowen
                                                 Special Master

---

[3] This amount is intended to cover all legal expenses incurred in this matter. This award encompasses all charges by the attorney against a client, "advanced costs," and fees for legal services rendered. Furthermore, § 15(e)(3) prevents an attorney from charging or collecting fees (including costs) that would be in addition to the amount awarded herein. See generally Beck v. Sec'y of Health & Human Servs., 924 F.2d 1029 (Fed. Cir. 1991).

[4] Pursuant to Vaccine Rule 11(a), entry of judgment is expedited by the parties' joint filing of notice not to seek review.